**Jose LOZANO, Plaintiff–Appellant**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

No. 06–15935.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2008.

Filed March 26, 2008.

Manuel D. Serpa, Esq., Binder and Binder, PC, Santa Ana, CA, for Plaintiff–Appellant.

Nancy M. Lisewski, Esq., SSA—Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: REINHARDT, BRUNETTI and FISHER, Circuit Judges.

MEMORANDUM *

Jose Lozano, Jr. ("Lozano") challenges the ALJ's determination that he is not disabled within the meaning of the Social Security Act. Specifically, he contends the ALJ both improperly rejected the opinion of treating physician Dr. Zabiega and failed to consider the side effects of his medication. We have jurisdiction under 28 U.S.C. § 1291 and we reverse and remand for reconsideration of both of these issues.

In dismissing Dr. Zabiega's treating source opinion that Lozano was disabled, the ALJ largely relied on Dr. Barnett's contrary conclusion that Lozano likely only experienced a "brief psychotic reaction" and "would be able to work regularly." Generally, a non-treating physician's opinion that is based on independent, objective clinical tests constitutes substantial evidence to support the ALJ's decision to give limited weight to a treating physician's opinion. *See Magallanes v. Bowen,* 881 F.2d 747, 750–51 (9th Cir.1989). Here, however, the substantial weight attributed by the ALJ to Dr. Barnett's opinion was unwarranted, as Dr. Barnett's admittedly "guarded" opinion relied on erroneous information. We therefore remand to allow the ALJ to reconsider the weight to be given to Dr. Zabiega's report and the opinions of other medical experts.

The ALJ did not mention, let alone discount, the extensive evidence that Lozano suffered from fatigue as a side effect of his medication. "The ALJ must consider *all factors* that might have a significant impact on an individual's ability to work." *See Erickson v. Shalala,* 9 F.3d 813, 817 (9th Cir.1993). Fatigue is a subjective symptom that the ALJ must consider. *See Smolen v. Chater,* 80 F.3d 1273, 1282 (9th Cir.1996). Accordingly, we remand to allow the ALJ to either incorporate fatigue into his residual functional capacity assessment or explicitly explain his reasons for declining to do so.

**REVERSED and REMANDED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.